## STATE v. TELLAY.

No. 6233.  Decided February 3, 1941.  (110 P. 2d 342.)

*Robert S. Spooner* and *George D. O. Connor, Jr.,* both of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., for respondent.

LARSON, Justice.

An appeal from the District Court of Salt Lake County. Angelo Tellay was convicted of the crime of carnal knowledge of a female under the age of eighteen years, and appeals. The sixteen assignments of error present four questions: (1) Did the court err in ruling against appellant on his plea of former acquittal and once in jeopardy? (2) Was the admission in evidence of State's Exhibit "A" error? (3) Does the admission in evidence of the testimony of the mother of the complaining witness call for a reversal of the judgment? (4) Is the evidence sufficient to sustain the verdict? We consider them in order, and the facts will be stated only as they become essential to the discussion.

(1) The record discloses by minute entry that when defendant was arraigned he "entered a plea of not guilty, and further enters a plea of former acquittal and former jeopardy." No further reference to the plea or any facts upon which it was based, or any former trial, hearing or proceeding appears in the record or transcript until after the State's witnesses had all testified. The state's attorney then offered in evidence "State's Proposed Exhibit 'A' ", in the following language:

"Now we offer State's proposed Exhibit 'A', a certified copy of the testimony of Angelo Tellay, the defendant in this case at the former trial, being the same party. It is the same thing, between these same parties, between Angelo Tellay and Miss ——. I am going to offer it in evidence."

Objection was made by defendant's counsel on the ground that it violated defendant's constitutional rights by making him a witness against himself, counsel adding,

"this is a new trial and has no relation to any other act, and anything in that prior trial that would tend to convict him in this trial is not admissible."

The objection was overruled and the testimony offered read in evidence. Exhibit "A" is entitled in the District Court of Salt Lake County, *"State of Utah, Plaintiff,* v. *Angelo Tellay,* Defendant,"* and purports to be "evidence taken from the direct examination of the defendant in the above entitled cause of action, in Judge McConkie's division of the District Court on June 14, 1939." It is in the form of questions and answers by defendant narrating how he had the act of sexual intercourse involved in this action, with the complaining witness with her consent and without any objections on her part. At this point the State rested its case.

Counsel for defendant then stated:

"I have here a record of the proceedings upon this previous trial in the City Court and in the District Court, and I offer this as defendant's

proposed Exhibit 1. In support of the plea of former acquittal and in support of the plea of former jeopardy."

The offer was denied by the court and defendant rested. The court directed the jury to disregard the plea of former acquittal and formed jeopardy. There is no other mention anywhere in the record of proceedings below nor in the transcript to the plea or the facts upon which it was based. The offer, "Defendant's proposed Exhibit '1,' " is not made a part of the record on appeal directly, by copy or by having been read into the record. There is no further statement as to what it was or what it contained or what the defendant sought to show by it. Since we are given no information as to the contents or purpose or effects of the exhibit, we cannot say the court erred in excluding it from evidence. There being no evidence at all of a former jeopardy or a former acquittal on this or any other charge, the court was correct in withdrawing such plea from the consideration of the jury.

(2) Did the court err in admitting in evidence "State's Exhibit 'A' "? As indicated above, State's Exhibit "A" was a transcript certified by the court reporter of some testimony given on direct examination by defendant at a former trial, concerning the same act of sexual intercourse involved in this trial. The objection urged by defendant was twofold: (a) That it violated his constitutional rights by making him a witness against himself, and (b) that it was only a part of the former testimony of defendant, without the cross-examination. Counsel made it clear he was not objecting that it was a transcript being read, rather than calling the reporter who took it to testify to the fact of the statements having been made by defendant.

The objections made were not well taken. To use one's own statements, admissions and confessions, when freely and voluntarily made, is not compelling one to be a witness against himself. It is elemental that admissions and confessions by defendant may be shown by the state as part of its case in chief. This transcript was a re-

cord or verbatim report by the court reporter of the testimony of the defendant in a trial in Judge McConkie's court on direct examination by his own counsel, in which defendant admitted and detailed the act of sexual intercourse involved in this action. No claim is made that it was not voluntarily and freely given. It appears that defendant voluntarily, of his own violation, and under the guidance of his counsel, went upon the witness stand and told his story.

Defendant made no effort to show that the exhibit did not contain all of his prior statement, did not deny making it, and does not deny any purported facts therein stated. We need not approve or disapprove of this method of proving admissions. Suffice it to say that on the record before us no error was committed.

(3) At the trial the complaining witness testified fully as to the act of carnal knowledge and all the events of the evening when it occurred. Her mother was then called and testified that when the daughter returned home she was much disheveled, and upset nervously, and that she made complaint. Over objection the court permitted the mother to testify that the daughter had said that she had been out with three fellows and that two of them "had got her." There is no statement by this witness that defendant was one of the three boys, or that defendant "had got her," or any statement that defendant had ever had sexual intercourse with the complaining witness.

It is elemental that in a prosecution for rape the fact that the woman ravished made complaint at the first opportunity is proper evidence. This is because the gravamen of the crime of rape is the outrage of the feelings and sensibilities of the female. It would seem such basis does not exist in cases where the act was voluntary and by consent. However the statements made, and the words used in making complaint, are usually not proper evidence in a case of carnal knowledge, and the court erred in permitting such testimony. We think the mother could testify as to the appearance of the girl and her physical condition, but not as

to any statement or declaration made by her unless such were within the rule of res gestae.

It does not follow, however, that such error calls for a reversal of the judgment. The complainant testified as to the act and the jury had the confessions of the defendant, given under oath, not denied, disputed, or sought to be explained, admitting the act of sexual intercourse as alleged. He therefore cannot be heard to assert that he was prejudiced by the statement that two of three boys "had got her," when defendant was not named or mentioned in the testimony of such witness. *State* v. *Christensen*, 73 Utah 575, 276 P. 163.

(4) No purpose would be served by detailing the evidence. However, it showed conclusively that the complaining witness was not the wife of the accused. Suffice it to say, the evidence is ample to sustain the verdict.

There being no reversible error, the judgment should be affirmed. Such is the order.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.