## Richmond

KENNETH MICHAEL SMITH v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7787.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Howard J. Beck, Jr.* (*Ford, Swezey & Beck,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr.,* Assistant Attorney General (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Kenneth Michael Smith, the defendant, was convicted by a jury of aiding and abetting the sale of marijuana. His punishment was fixed at a fine of $300 and a sentence of three years in the penitentiary. To the judgment imposing the punishment, he was granted a writ of error.

The sole question to be decided is whether the trial court improperly admitted evidence of the bad character of the defendant.

The defendant took the stand and denied the charge against him. In his testimony and through other witnesses, he attempted to establish an alibi. He did not, however, put his general character in issue.

In rebuttal, the Commonwealth called the sheriff as a witness. After the sheriff had testified concerning collateral matters, he was asked and was permitted to state that the defendant's reputation as

"a law abiding citizen" was "bad." Then, in response to a question on re-direct examination, the sheriff was allowed to testify that his opinion of the defendant's reputation was based upon the fact that he "was constantly getting reports that [the defendant] was selling and using drugs." Finally, the sheriff volunteered the statement that he had "had these reports several months before we made the arrests."

When the defendant took the witness stand, he thereby put his credibility in issue. It would have been proper, therefore, for the Commonwealth to attack his *credibility* by introducing evidence of his bad general reputation for *truth and veracity* or by showing his prior conviction of a felony or of a misdemeanor involving moral turpitude. *Land* v. *Commonwealth*, 211 Va. 223, 226, 176 S.E.2d 586, 588-89 (1970). But the evidence admitted by the trial court was not of the type permissible to attack credibility. Such evidence went to the general character of the defendant and not to his credibility. Since his general character was not in issue, it was error to admit the evidence. That this error was prejudicial is too obvious to require comment.

Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*