COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


JAMES DOUGLAS HODGE
                                   MEMORANDUM OPINION* BY
v.   Record No. 0217-97-3     JUDGE RUDOLPH BUMGARDNER, III
                                        JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                 Charles B. Flannagan, II, Judge

          Reelia R. Watson for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.



     James Douglas Hodge was indicted for malicious wounding of

Michael Brenson.  After a two-day trial, a jury convicted him of

unlawful wounding and sentenced him to six months in jail and

fined him $1,500.  The trial court suspended all but three days

of the sentence.  The defendant argues that the trial court erred

by not striking and then giving a cautionary instruction after a

witness made prejudicial remarks and by giving an instruction on

character evidence when there was none presented.  Finding that

the trial court committed no reversible error, we affirm.

     The defendant and the victim were students at Emory and

Henry College.  They were fraternity brothers and residents of

the same dormitory.  An evening of drinking culminated in a fight

between the two.  As it ended, Brenson was holding the defendant

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

down on the floor choking him when Hodge stabbed him three times in the thigh and once in the buttock.

During the direct examination of Brenson's roommate, the Commonwealth's attorney asked him to describe the defendant's appearance and demeanor. The witness responded, "Hodge was obviously inebriated. At the same time, I could smell an odor of marijuana." Defense counsel objected and asked that the remark be stricken. The trial judge sustained the objection.

The Commonwealth's attorney then asked the witness if he had noticed something in the room that night or the next morning. The witness replied, "Well, later that night I noticed a bowl that we'd --- you would use to smoke marijuana with." Defense counsel again objected, and the court sustained the objection. The court immediately held a conference with the attorneys out of the presence of the jury. It reviewed in detail what testimony the Commonwealth expected to present and ruled that it could not present any evidence about marijuana. The trial continued, and the Commonwealth went directly to other evidence. The defendant did not request a cautionary instruction at any point. In the general instructions given at the end of the trial, the trial court did give an instruction that told the jury not to consider any matter that was rejected or stricken.

When the trial court promptly ruled to sustain the objections of the defendant, it ruled that the item was not proper evidence in the case and it thereby rejected that item from consideration. When evidence is improperly admitted, the

appellant can request a cautionary instruction to cure the prejudice.  See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), cert. denied, 464 U.S. 1063 (1984).  The judge is not required to give the curative instruction sua sponte.  See Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990).  Indeed, some defendants may not want to draw attention to the objectionable statement.  To require a court to give the instruction sua sponte would deprive defendants of this option in determining their trial strategy.  In this case, while no prompt cautionary instruction was given, the jury was instructed to disregard rejected evidence.  Jurors are presumed to follow instructions to disregard rejected evidence.  See LeVasseur, 225 Va. at 589, 304 S.E.2d at 657; Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619, cert. denied, 498 U.S. 908 (1990).

The defendant objected to Instruction 10[1] which told the jury that it could consider the character of the defendant in determining guilt.  The defendant never presented evidence of his good character.  He offered no evidence of character traits that would tend to prove he did not commit malicious wounding and, therefore, did not put his character in issue.  He did present evidence to support his credibility in the form of testimony of his reputation for truthfulness.  The defendant testified, and in

[1]"You may consider the character of the defendant when proven by the evidence, whether good or bad, along with the other facts and circumstances in the case in determining his guilt or innocence."

doing so he did put his credibility in issue, but presenting evidence of his reputation for truthfulness did not put his character in issue.  See Smith v. Commonwealth, 212 Va. 675, 676, 187 S.E.2d 191, 192 (1972).  Instruction 10 should not have been given, but in this case it was harmless error to do so.

The instruction itself carried the caveat that character evidence was only to be considered when it was proven.  With no evidence of his character, under this instruction there was nothing for the jury to consider in its deliberations.  In addition, there was overwhelming evidence of guilt.  The defendant admitted that he had a knife in his pocket and that he stabbed the victim, although he did not remember doing so, and the victim testified that the defendant stabbed him during the fight.  "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Lavinder v. Commonwealth, 12 Va. App. 1003, 1007, 407 S.E.2d 910, 912 (1991) (en banc).  We do so conclude.

Finding no reversible error, we affirm.

Affirmed.