THE STATE OF OHIO, APPELLEE, *v.* SLONE, APPELLANT.

[Cite as State v. Slone (1975), 45 Ohio App. 2d 24.]

(No. 74AP-577—Decided March 25, 1975.)

*Mr. George C. Smith*, prosecuting attorney, *Mr. Alan C. Travis* and *Ms. Judi Smith Solon*, for appellee.

*Mr. Myron Shwartz*, for appellant.

HOLMES, J. This matter comes before this court upon an appeal of a judgment rendered pursuant to a jury verdict finding the defendant, the appellant herein, guilty of second-degree murder. The trial was conducted in the Court of Common Pleas of Franklin County on an indict-

ment for first-degree murder, following a remand of such case from this court on July 30, 1974. The remand was based on the decision of this court that the trial court erred to the prejudice of the defendant in not permitting the introduction of the testimony of a witness offered by the defendant, such denial being on the basis that the witness violated the rule concerning the separation of witnesses.

In the first trial of this matter, the defendant had waived his Fifth Amendment rights, and had taken the stand in his own defense. The defendant asserts that such waiver was due to the fact that the other witness had been prohibited from taking the stand to testify in the defendant's behalf, and it was therefore necessary for the defendant to do so.

Prior to the new trial of this matter, the state presented a pretrial motion requesting that the defendant's testimony in the prior trial be permitted to be presented to the jury as part of the state's trial in chief. The defendant's newly engaged legal counsel objected to the testimony being presented on the premise that the defendant in the retrial of this matter intended to exercise his Fifth Amendment privilege against self-incrimination. The trial court sustained such motion to allow the testimony to be presented at the second trial hereof.

The trial was had, the defendant choosing not to take the stand, the state presenting the testimony of the defendant as adduced at the prior trial herein, and the matter was submitted to the jury on the indictment for murder in the first degree. The jury returned a guilty verdict for second-degree murder. The defendant appeals herein, setting forth four assignmnts of error, as follows:

1. "The Court below erred in allowing the prosecutor to introduce the Appellant's testimony in a prior proceeding."

2. "The Court below erred in not declaring a mistrial or giving special instructions to the jury after the court made a statement that any error can be cured by appeal."

3. "The Court below erred by instructing the jury that the Appellant had a burden of proof in establishing the defense of self-defense."

4. "The Court below erred in not granting the motion to reduce the finding of guilty to the lesser charge of manslaughter."

## I.

The main thrust of the defendant's argument in support of his first assignment of error is that merely because the "defendant has testified at a previous time and place before a different tribunal does not prevent defendant from claiming his privilege under self-incrimination as to the same matter in a subsequent trial or proceeding." The defendant cites the case of *In Re Neff* (C. A. 3, 1953), 206 F. 2d 149, and the textual material found in 21 American Jurisprudence 2d 386, Criminal Law, Section 359, in support of his position.

We hold that the law contained in the case of *In Re Neff*, and the textual article referred to is not necessarily in conflict with the position of the state herein, which is to the effect that the waiver of the Fifth Amendment in a prior trial would permit the use of such testimony in a subsequent trial. The case of *In Re Neff*, and the annotation which follows pertain to the right of a witness to claim a privilege against self-incrimination in a subsequent criminal trial after having testified to the same matters before a grand jury.

With such law this court is in agreement. As stated in the annotation to *In Re Neff*, found at 36 A. L. R. 2d 1403:

"The fact that a witness has testified before the grand jury without invoking his privilege against self-incrimination has been held not to constitute a waiver or estoppel with respect to a claim of privilege when the witness is called upon to testify to the same matter on a subsequent criminal trial, the claim of privilege on subsequent trial being judged on its own merits."

Again, we add that we concur in such law, in that the grand jury presents a different forum than does a trial of a matter. The person may, of course, claim his Fifth Amendment rights in a grand jury hearing, or he may proceed to offer his testimony. However, the witness before the grand jury is without the benefit of legal counsel and, there-

fore, his statements should not be used against him contrary to his claimed constitutional Fifth Amendment rights.

Conversely, as in a criminal trial, the generally accepted rule is that the Fifth Amendment right against self-incrimination may be waived by a defendant by his voluntarily taking the stand in his own behalf in one trial, and that by so doing such defendant further waives his right to assert the privilege of the Fifth Amendment where such testimony is used against him in any subsequent trial of the same offense. In support of such position, the case of *Harrison* v. *United States* (1968), 392 U. S. 219, is referred to, as is the annotation in 5 A. L. R. 2d 1404, relative to the general subject.

It is also pointed out that a comprehensive discussion of the history and application of this rule is to be found in *Smith* v. *Slayton* (W. D. Vir. 1973), 369 F. Supp. 1213, 1216, wherein we find the following:

"The rationales that the State Courts have used to justify this practice can be classified into basically five categories: (1) that by taking the stand at trial, the defendant becomes as any other witness and his testimony can be used in anyway which any witnesses' testimony might be used (see *Bess* v. *Commonwealth*, 118 Ky. 858, 82 S. W. 576 [1904]); (2) that the defendant's testimony at his first trial or judicial hearing is an admission or declaration against interest, and is therefore no different from any voluntary out of court statement and therefore may be introduced at a subsequent trial of the accused (see *State* v. *Farrell*, 223 N. C. 804, 28 S. E. 2d 560 [1944]); (3) that the admission or use of the defendant's prior testimony may tend to show guilt (see *Miller* v. *People*, 216 Ill. 309, 74 N. E. 743 [1905]); (4) that the introduction of a defendant's former testimony does not tend to compel him to incriminate himself (see *State* v. *Telley*, 100 Utah 25, 110 P. 2d 342 [1949]); (5) that the use of the defendant's prior testimony does not constitute a comment on his failure to testify at his current trial (see *Miller* v. *People*, 216 Ill. 309, 74 N. E. 743 [1905]). The use of one or more of these rationales is not dependant upon whether such testimony was used

during the Government's case in chief (see *People* v. *Boyd*, 67 Cal. App. 292, 227 P. 783 [1924]), on rebuttal or cross (see *Collins* v. *State*, 39 Tex. Crim. 441, 46 S. W. 933 [1898]), or on whether the defendant's original testimony had been given at a preliminary hearing (see *Dickerson* v. *State*, 48 Wis. 288, 4 N. W. 321 [1880])."

Based upon all of the foregoing, the first assignment of error is dismissed.

## II.

The second assignment of error revolves around a statement of the trial court after such court had overruled the motion of the defense counsel during the process of jury voir dire asking the court to explain to the jury the meaning of "objective" as well as "subjective." This the trial court refused to do, the court indicating that the dictionary definition of words at voir dire examination was unnecessary. After defense counsel seemingly persisted in this regard, the court stated to defense counsel: "I think the charge that the court will give will be understandable. If it isn't, you have your remedy by way of appeals." Defense counsel then moved for a mistrial, and was overruled.

It is apparently the defendant's position that the trial court's statement necessarily had inherent within it the meaning that any error on the part of the jury could be "cured upon appeal," but this court does not view the words accordingly, and feels that the court meant, and the words could be reasonably construed and understood to be, that the court was stating that a reversal by an appellate court could be pursued if an erroneous charge was made by the court to the jury upon the law in the matter.

The trial court's pointing out to counsel during the trial of a matter that the appellate process is available to a defendant, if the court's charge is not understandable, may not be necessary; in fact, such may not be desirable, but it does not present prejudicial error. The jury could not reasonably construe such statement as meaning it had any less of a duty to properly weigh the facts, and determine the weight and credibility to be applied to the testimony of the witnesses. Nor could such statement of the trial court rea-

sonably have resulted in the jury shirking its overall responsibility. Even though the court's action may have been error, we hold such to be nonprejudicial. This assignment of error is also hereby dismissed.

### III.

The defense counsel, at the trial hereof and prior to arguments to the jury, requested the trial court to instruct the jury that since the state introduced evidence relative to self-defense, as contained in the defendant's testimony which was read by the state, the latter must go forward and prove beyond a reasonable doubt that the killing was not in self-defense. The trial court refused to do so, and now the defendant argues that the trial court erred in this regard to the prejudice of the defendant.

The trial court gave an instruction, which had for years been the standard jury instruction on the burden of establishing self-defense, and charged the jury that the burden was upon the defendant to prove self-defense by a preponderance of the evidence. The defense counsel, at the conclusion of the charge to the jury, made no specific objection to the charge, nor was there a request for a jury instruction on the burden of proof as to self-defense, specifically, as provided by R. C. 2901.05 (A).

Criminal Rule 30 provides that "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict * * *." The state argues that defense counsel did not object to such charge prior to the jury's retiring and, therefore, waived any error attributable thereto.

We hold that the purpose of Criminal Rule 30 is the same as its counterpart in civil practice, Civ. R. 51 (A). Such purpose or theory was set forth in the case of *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, 33, wherein the court quoted McCormac, Ohio Civil Rules Practice, Section 12.18: "* * * [T]he court should be given an opportunity to correct a mistake or defect in the instruction when it can be accomplished during the same trial."

The court, in *Presley* v. *Norwood*, went on to hold the following within the first paragraph of the syllabus:

"Where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to *formally* object thereto. (Civ. R. 51 (A).)"

We hold that such reasoning is equally applicable to the trial of criminal matters, and if the record affirmatively shows that a trial court has been fully apprised of the correct law governing the criminal matter involved, and that the defendant has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, the defendant cannot be said to have waived his objections to the court's charge by failing to *formally* object after the charge is given.

However, we hold, as did the Supreme Court in *Presley*, in reference to Civ. R. 51 (A), that a defendant whose request for jury instructions fails to embody the correct law governing the criminal matter involved, and who otherwise fails to comply with Crim. R. 30, by not formally objecting, waives his right to question the trial court's charge upon appeal. Applying such principle to the matter at hand, we hold that the defendant has waived his right to question the trial court's charge upon appeal, in that the defendant had requested an incorrect jury instruction.

The instruction requested by the defendant is as follows:

"If it please the Court, at this time I would request that this Jury be instructed that since the State introduced the evidence of self-defense in this case, that they must now prove that it wasn't self-defense beyond a reasonable doubt, to place the preponderance of evidence or any burden upon the Defendant at this point, would be in violation of his constitutional rights. * * *"

The defendant relies upon the holding of *State* v. *Elijah Matthews,* Court of Appeals for Franklin County, No. 74 AP-428, decided December 24, 1974, as being authority for his position in this regard, that the law of this state as now set forth in R. C. 2901.05 (A), regarding the burden of

proof of the affirmative defense of self-defense, places the burden of negative proof upon the state.

This does not correctly state the law of Ohio. It is true it was held in *Matthews* that by virtue of R. C. 2901.05 (A), the burden of proving self-defense by a preponderance of the evidence is no longer upon the defendant. However, this is not to say that, where some evidence of self-defense is raised in the state's case, it has the burden of showing that the defendant's act was not in self-defense. The state's burden in a criminal case remains the same as it always has been. It must prove all of the elements of the crime charged, beyond a reasonable doubt.

If, in the presentation of its case, the state adduces some evidence tending to show self-defense, the latter is entitled to whatever benefit such evidence might befall him. However, the fact that the state raised the issue does not alter the fact that defendant still must go forward with any evidence that he has on the affirmative defense of self-defense if the evidence in its totality, as presented by the state, would necessitate the defendant's doing so in order to raise the reasonable doubt in the jurors' minds on such issue. Upon this basis, we hereby overrule the defendant's third assignment of error.

## IV.

The fourth assignment of error argues that the court erred in not reducing the verdict from murder in the second degree to manslaughter, in that some of the state's evidence could only be supportive of the lesser crime. Specifically, the defendant argues: "It is axiomatic that the case of the plaintiff is no stronger than the weakest link in the chain of evidence presented." In this regard, we believe that the defendant has used an inapplicable simile. Rather than likened to a chain, the evidence adduced in a trial should be likened to a rope, line or hauser. Rather than likening the various elements within the totality of the evidence as links of a chain, such elements should be likened to the fibers in a line. Here, there is some evidence supportive of the element of self-defense. There is also some evidence from which an inference could be made that the killing was without malice, but there is also sufficient evidence to sup-

port the jury's verdict of second-degree murder beyond a reasonable doubt.

We pointed out in the prior decision herein that the underlying consideration, both with the trial court and with this court, should be the element of the basic fairness of every aspect of the defendant's trial. Here, upon a review of the totality of the circumstances, we hold that the defendant did in fact receive a fair trial. Based upon all of the foregoing, the judgment of the Common Pleas Court of Franklin County is hereby affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.