436 So.2d 495 (1983)
STATE of Louisiana
v.
John PARKER.
No. 82-KA-1232.
Supreme Court of Louisiana.
June 27, 1983.
Rehearing Denied September 1, 1983.
*496 William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John Sinquefield, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Frank Gremillion, Baton Rouge, for defendant-appellant.
DENNIS, Justice.
During the early morning hours of December 20, 1980, the defendant was driving an automobile north on Glenmore Avenue in Baton Rouge. Defendant failed to stop at a stop sign at the intersection of Glenmore and Broussard. His vehicle collided with a Toyota occupied by Gary Wiell and Anna Pruyn. Both Wiell and Pruyn were killed in the collision.
The evidence at trial established that defendant had consumed a substantial amount of alcohol, including six beers and several other beverages. An investigating police officer described the defendant as having a strong odor of alcohol on his person and breath, as fumbling about and unsure of himself, and as swaying when he stood. A second officer described the defendant as intoxicated.
Expert evidence established that the defendant had been speeding down Glenmore at a rate of fifty miles per hour although the posted speed limit was thirty. Two stop signs marked the intersection and a "stop ahead" sign was located about three hundred feet before the intersection. Police officers testified that the defendant's vehicle left no skid marks before it collided with the other car in which the two occupants were killed.
The defendant was charged by bill of information with two counts of negligent homicide in violation of La.R.S. 14:32. His first trial ended in a mistrial. However, at *497 a second trial, a unanimous jury convicted the defendant as charged. The trial judge sentenced defendant to serve five years in the parish prison for each count and to pay a fine of $1,000.00, in default of which defendant was to be confined to parish prison for one year. The judge suspended the imprisonment of defendant and placed him on supervised probation for a period of five years, with the condition that defendant serve one year in jail. The judge also assessed the costs of the prosecution against the defendant. In his appeal the defendant argues four assignments of error. We find no merit in the defendant's assignments relative to his conviction. However, we do find merit in the one assignment relative to the assessment of costs. Therefore, we affirm the defendant's conviction but remand the case for a redetermination of costs.

ASSIGNMENT NUMBER TWO
By this assignment of error, the defendant contends that the trial court erred in allowing the introduction of hearsay testimony of a state witness.
A witness for the prosecution, Officer Zeagler, was questioned regarding reports of previous accidents at the intersection. He stated that he asked Cathy Burleson, an employee in the traffic records division, to check the police traffic records for him. The prosecutor then asked what the officer had learned from his inspection of the records. Defendant's attorney objected, based on the hearsay rule. The trial court sustained this objection and the record reflects that direct examination continued without further objection by defense counsel. On appeal, the defendant contends that the trial judge erroneously allowed in hearsay testimony which misled the jury.
We find no merit in the defendant's contention. The only objection made to the testimony of Officer Zeagler, based on hearsay, was sustained by the trial court. Any complaint defendant may have with the testimony of Officer Zeagler was not preserved for appeal by a contemporaneous objection. See, La.C.Cr.P. art. 841. Moreover, we note that it is doubtful that defendant was prejudiced by this testimony because the record shows that the defense attorney elicited much of the same evidence during the cross-examination of Officer Zeagler. Defendant's attorney continued questioning regarding the other accidents at the intersection and he established that the intersection was changed to a four-way stop after this accident.
Therefore, this assignment of error lacks merit.

ASSIGNMENT NUMBER FOUR
By this assignment of error, the defendant contends that the trial judge erred when he sustained a prosecution objection that the evidence lacked relevance.
Defendant called the traffic records division worker, Cathy Burleson, as a witness. When the defense attorney began to question the witness regarding the number of accidents at the intersection during the five years prior to the instant one, the prosecutor objected that the evidence was irrelevant. The trial court sustained this objection. On appeal the defendant contends that this ruling constituted reversible error.
All evidence which is relevant to a material issue, necessary to be known to explain a relevant fact, or which supports an inference raised by such a fact, is admissible, La.R.S. 15:435,441, except as otherwise provided by the constitution of the United States or this state, by law or by rule of this court. State v. Kahey, 436 So.2d 475 (La.1983); State v. Ludwig, 423 So.2d 1073 (La.1982). Cf. Fed.R.Evid. 402. Relevant evidence is defined by our law as "that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent." La.R.S. 15:441. Relevancy of evidence is determined by the purpose for which it is offered. La.R.S. 15:442.
In the present case, the defendant was charged with and convicted of negligent homicide, the killing of a human being by criminal negligence. La.R.S. 14:32. The offense is not an intentional crime; it requires proof of criminal negligence which *498 exists when "there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." La.R.S. 14:12.
No proffer was made of the evidence which the defendant sought to elicit from Ms. Burleson. In brief, the defendant argues that the testimony would have shown that seven to eight accidents per year occurred at the two-way stop intersection until its reclassification as a four-way stop shortly after this offense. Defendant contends this evidence tended to prove that the intersection was a dangerous one. From this fact, he would have urged the trier of fact to conclude that defendant's accident was the result of the inherent dangerousness of the intersection rather than the defendant's criminal negligence.
While the offered evidence does have some slight probative value on the issue of the defendant's negligence, we conclude that the trial court did not err in excluding the testimony. The probative worth of the evidence is minimal because the number of accidents at the intersection was relatively small and each accident was the result of a unique set of facts and circumstances. On the other hand, the risks were great that the jury would have been confused by this evidence or have had its attention deflected from the central issue of this case, viz., whether this defendant-driver acted with criminal negligence in causing the victims' deaths. Also, the presentation of evidence regarding five years of accidents would have consumed valuable trial time. Thus, the slight probative value of the testimony was greatly outweighed by the risk that its admission would consume too much time or would confuse or prejudice the jury and the trial judge did not commit reversible error when he excluded it. State v. Ludwig, supra. See, State v. Moore, 278 So.2d 781 (La.1973). See also, Fed.R.Evid. 403; Weinstein's Evidence, § 403[06] (1982).
Accordingly, this assignment of error lacks merit.

ASSIGNMENT NUMBER THREE
By this assignment of error the defendant argues that the trial court erred when it allowed the state to introduce into evidence the defendant's testimony at the first trial which ended in a mistrial.
Out of the presence of the jury, the prosecutor disclosed that he intended to introduce into evidence the defendant's testimony from his first trial. Defendant's attorney objected that the introduction of the prior testimony would be a violation of defendant's Fifth Amendment privilege. However, the trial court overruled his objection. The judge limited the introduction to a written transcript of the previous testimony and the prosecutor deleted the portion of the previous trial which had caused the previous mistrial. Additionally, when he offered the transcript into evidence in the jury's presence, the prosecutor referred to the material only as "the transcribed testimony of the defendant in this case taped in a prior hearing in connection with this case."
On appeal, the defendant contends that the introduction into evidence of the transcript violated his Fifth Amendment privilege and also was violative of the Code of Criminal Procedure, article 768, because the state failed to notify the defendant in writing before the prosecution's opening statement of its intention to introduce a confession or inculpatory statement into evidence.
In State v. Reed, 324 So.2d 373 (La. 1975), this court applied the long-standing federal rule in this area that a defendant in a criminal case who takes the stand in his own behalf and testifies without asserting his privilege against self-incrimination thereby waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case. Id. at 380. See, Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); United States v. Bohle, 475 F.2d 872 (2nd Cir.1973); Edmonds v. United States, 106 U.S.App.D.C. 373, 273 F.2d 108 (1959), cert. denied, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012. Not only is this the federal *499 rule, but numerous other states have also provided that when a defendant testifies at a first trial but not at the second, his prior testimony may be used against him. See, e.g. State v. Norwood, 217 Kan. 150, 535 P.2d 996 (1975); State v. Slone, 45 Ohio App.2d 24, 74 Ohio Ops.2d 66, 340 N.E.2d 413 (1975); Chavez v. State, 508 S.W.2d 384 (Tex.Cr.App.1974); Harbaugh v. Commonwealth, 209 Va. 695, 167 S.E.2d 329 (1969). See generally, Cook; Constitutional Rights of the AccusedTrial Rights, § 66 (1974). Therefore, the introduction of the transcript did not violate defendant's privilege against self-incrimination.
The defendant's argument based on lack of notice by the state of the intention to use the inculpatory prior testimony is likewise without merit. First of all, no clear contemporaneous objection based on a lack of notice was made when the earlier testimony was offered by the state. Thus, the defendant is precluded from raising the alleged irregularity on appeal. See, La.C. Cr.P. art. 841.
However, even if we assume that one of the vague objections of the defendant, which allude directly only to the Fifth Amendment, was based on a lack of notice that the state intended to introduce the inculpatory testimony, La.C.Cr.P. art. 768, we would be unable to conclude that the trial court committed reversible error. The purpose of our statutory scheme relative to opening statements, confessions, and notice to the defendant prior to the opening statement (La.C.Cr.P. art. 766-68) is to prevent surprise and to allow adequate time for preparation of the defense, as well as to avoid certain problems that had been attendant to mentioning of confessions or inculpatory statements in the state's opening statement. State v. Russell, 416 So.2d 1283 (La.1982); State v. Sneed, 316 So.2d 372 (La.1975).
In the present case, doubtless the defendant and his attorney, who represented him at both trials, had actual notice of his earlier trial testimony and could not have been surprised. Further, the trial judge allowed counsel a recess to prepare to meet the use of the testimony.
Under these circumstances, we cannot conclude that the defendant was prejudiced by the state's failure to provide written notice of the trial transcript. Therefore, a reversal is not mandated. State v. Russell, supra; State v. Thomason, 353 So.2d 235 (La.1977); State v. Sneed, supra.
Accordingly, this assignment of error lacks merit.

ASSIGNMENT NUMBER SEVEN
By this assignment, the defendant contends that the trial court erred in assessing the costs of the prosecution against him.
After the defendant's conviction the prosecution moved to assess costs of the prosecution against the defendant. The state's motion requested an assessment for numerous costs including, court appearance by the prosecutor, case preparation, crime scene preparation, consultation and an expert fee. The trial judge sentenced the defendant to pay "all costs of this prosecution including but not limited to clerk of court fee, jury costs, record preparation costs, and any other costs attributable to this prosecution." On appeal, the defendant contends that this assessment was erroneous in that it included certain costs attributable to the first trial. Because the actions of the prosecutor caused the first trial to end in a mistrial, the defendant further contends that he should not have been cast in costs for the second trial.
A defendant who is convicted of an offense is liable for all costs of the prosecution or proceeding. La.C.Cr.P. art. 887 A. A defendant is not liable for costs if he is acquitted or if the prosecution or proceeding is dismissed. La.C.Cr.P. art. 887 A. However, our law does not expressly address the issue of cost assessment when a defendant's first trial ends in a mistrial because of prosecutorial error and the defendant is later convicted in a second trial.
We believe that an equitable solution in this situation involves an assessment of the defendant for only the costs of the *500 second trial. Only a convicted defendant is liable for costs. A defendant whose trial ends in a mistrial because of prosecutorial error is certainly not convicted but presumed to be innocent. He is in a situation similar to that of a person against whom criminal proceedings have been dismissed, and thus exempt from cost assessment. Thus, it would be unfair to assess the defendant with the costs of the first trial.
We do not believe, however, that the defendant should be totally exempt from costs when he must undergo a new trial after a mistrial. No showing was made in the instant case that the prosecutor was in bad faith during the first trial. Also, the state expended a relatively large amount of money during the course of these proceedings. Because the defendant was convicted during the second trial it is not only lawful, but also proper, to assess those costs against the defendant.
For this reason, we affirm the defendant's conviction and remand the case to the trial court only for a redetermination of costs of the defendant's prosecution.
AFFIRMED AND REMANDED FOR A REDETERMINATION OF COSTS.
LEMMON, J., concurs.