734 So.2d 674 (1999)
STATE of Louisiana, Appellee,
v.
Chester BISHOP, Defendant-Appellant.
No. 98-1147.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*675 Charles F. Wagner, Dist. Atty., T. Gerald Henderson, Alexandria, for State of La.
J. Albert Ellis, for Chester Bishop.
Before THIBODEAUX, AMY and SULLIVAN, Judges.
AMY, Judge.
In this criminal matter, the defendant appeals the trial court's denial of his motions for new trial and mistrial and seeks a reversal of his conviction. For the following reasons, we affirm the trial court's rulings and judgment.

Factual and Procedural Background
On or about February 10, 1997, Defendant, Chester Bishop, entered the home of his neighbor, Stacy Wolfe. Conflicting testimony was presented at trial regarding whether Defendant entered Ms. Wolfe's home with or without her permission.
Ms. Wolfe testified that she thought her cat was scratching at the door and that she opened the door to let it in. She further testified, however, that when she opened the door she saw Defendant outside her door, she did not recognize him, and she attempted to close the door on him.
The State introduced Defendant's testimony from his first trial, where he presented his version of what transpired at Ms. Wolfe's house, along with his reasons for going there. Contrary to Ms. Wolfe's explanation, Defendant testified that when Ms. Wolfe saw him she opened the door wider, leading him to believe that she was inviting him into her house. He also testified that he told her that he was her neighbor. According to Defendant's testimony, his purpose in going to Ms. Wolfe's house was to borrow money to buy crack and that he was addicted to the substance. He further testified that, after he asked Ms. Wolfe for some money, she told him that she did not have any cash, but that she did have an ATM card. He testified that after she gave him the card, she began "flipping out," yelling, "[D]on't hurt me."
Ms. Wolfe, however, presented a different account of the events of that night. She testified, "as I tried to shut the door, the man pushed the door open and grabbed my shoulder." She further stated that she attempted to get away from him, saying "Jesus, Jesus," and that Defendant said, "[S]hut up." She stated that, at one point, they fell to the floor with Defendant on top of her, and that he had pinned her arms down and was choking her. Crying, she stated, "I thought at that point that I was going to die." Additionally, she testified that he pulled her pajama pants down while holding her hair with his other hand, and that she offered to perform oral sex on him instead, telling him that she was still a *676 virgin. She testified that, after a couple of minutes, he asked her if she had any money, to which she responded that she did not. He then asked her if she had an ATM card, which she testified she gave to him, along with a PIN number. She further testified that he put his jacket back on, at which point she noticed his name tag that said "Chester" and another tag that said "England Air Park." After Defendant left, Ms. Wolfe went to a grocery store to call the police.
On March 20, 1997, Defendant was charged by bill of information with committing the offense of aggravated burglary, in violation of La.R.S. 14:60. The bill states that Defendant committed the offense in the following manner:
HE DID ON OR ABOUT THE 10th day of February, 1997, enter[] an inhabited dwelling, with the intent of committing a felony or a theft and committed a battery upon a person, D.O.B. 3-2-72, while in the dwelling, in violation of R.S. 14:81[.]
On April 7, 1997, Defendant was arraigned, at which time he pled not guilty. Defendant was initially tried on December 16, 17, and 18, 1997, but a mistrial was declared because the jury deadlocked. On March 17, 1998, the State filed a notice of intent to use Defendant's testimony from the first trial at his second trial. Defendant was retried on March 17, 18, and 19, 1998. On March 18, 1998, defense counsel made an oral motion for mistrial, which motion was denied by the trial court on March 19, 1998. On March 19, 1998, the jury found Defendant guilty as charged. Defendant filed a motion for new trial on April 24, 1998, which motion was denied by the trial court. Defendant was sentenced to fifteen years at hard labor on the same day. On May 19, 1998, Defendant filed a motion to reconsider sentence, which motion was denied on May 26, 1998. Defendant filed the instant appeal on June 2, 1998, in which he presents the following one assignment of error for our review:
That the trial court erred in denying the defendant's motions for mistrial and new trial following the State admission into evidence in the case-in-chief [of] the allegedly redacted testimony of the appellant which included unrelated other crimes evidence and multiple references to a prior jury trial.

Discussion

Errors Patent Review
In accordance with La.Code Crim.P. art. 920, we begin our evaluation of this appeal by examining the record for errors patent. Upon examination, we find that three errors patent exist. Initially, we find that the trial court failed to inform Defendant of the three-year time limitation for filing post-conviction relief as mandated by La.Code Crim.P. art. 930.8. Accordingly, we direct the trial court to inform Defendant of the applicable prescriptive period by sending him appropriate written notice within ten days of rendition of this opinion, and filing written proof of Defendant's receipt of this notice into the record. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.1993), writ denied, 623 So.2d 1334 (La.1993).
Secondly, Defendant was sentenced on the same day as the trial court's denial of his motion for new trial. Both of these events occurred on April 24, 1998. Regarding sentencing delays, La.Code Crim.P. art. 873 requires a twenty-four hour delay between the trial court's denial of a motion for new trial and imposition of sentence. Although the trial court's failure to observe the twenty-four hour delay is an error patent, we will generally not reverse the sentence unless the defendant demonstrates prejudice. See State v. Dauzat, 590 So.2d 768 (La.App. 3 Cir.1991), writ denied, 598 So.2d 355 (La.1992). In the instant matter, we need not remand for re-sentencing, as Defendant has neither objected to the sentence imposed upon him, nor has he alleged any prejudice due to the trial court's failure to observe *677 the delay. See State v. White, 404 So.2d 1202 (La.1981).
Lastly, the bill of information charging Defendant with aggravated burglary incorrectly cited to La.R.S. 14:81, as La.R.S. 14:81 is the provision regarding indecent behavior with a juvenile. However, the clerk did not read La.R.S. 14:81 when reading the bill to the jury.[1] Regarding an error in the citation, La.Code Crim.P. art. 464 states as follows:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Further, La.Code Crim.P. art. 465 provides that aggravated burglary may be charged as "A.B. committed aggravated burglary of the dwelling of C.D." Where the bill of information contains the essential facts of the charged offense, and the defendant claims neither surprise nor prejudice, any error in citation is harmless. See State v. Morris, 614 So.2d 180 (La. App. 3 Cir.1993). Here, because the bill of information contained essential facts regarding the offense of aggravated burglary and Defendant has claimed neither surprise nor prejudice, we find this error to be harmless.

Assignment of Error
Defendant contends that the trial court erroneously denied his motions for mistrial and new trial based upon the State's introduction into evidence of Defendant's testimony from his first trial, which testimony contained evidence of other crimes and reference to that first trial.
According to defense counsel, the motion for mistrial was "based on the fact that the last page of the testimony [Defendant's testimony introduced from his first trial] included reference to the Court, and the jury, and would automatically suggest to the jury present that there had been another trial." However, he further stated the following:
I looked at the grounds for mistrial. I don't see anything supportive of the Motion, but of course, I may be overlooking something, but I am duty bound to make that Motion. I don't expect the Court to grant it, but I am duty bound to make it.
Regarding the grounds for mistrial, La. Code Crim.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible[.]
At his first trial, on direct examination conducted by the same defense counsel, Defendant testified that he suffered from cocaine addiction and that he had committed a crime on February 9, 1997, one day before the incident in question, when he and another man had broken into the restaurant where Defendant worked part-time and had stolen ten dollars.
In brief, Defendant urges the following:

*678 Without Mr. Bishop taking the stand and putting his credibility at issue, and likewise without Mr. Bishop having been given the opportunity to admit or deny a prior conviction, the State introduced to the jury the most prejudicial evidence the law prohibits. The jury heard the defendant on trial being characterized as a bad person due to his uncharged cocaine addiction and his prior conviction for simple burglary which was completely unrelated to the offense then being tried.
The State urges that Defendant's "previous testimony is admissible under well established case law and La. C.E. art. 404(B)(1)."[2] The case law referred to by the State includes Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); State v. Reed, 324 So.2d 373 (La.1975); and State v. Parker, 436 So.2d 495 (La.1983). After an evidentiary hearing regarding the admissibility of the prior testimony, the trial court, after reading Defendant's prior testimony and the Harrison decision, ruled that Defendant's prior testimony was admissible. Regarding the admissibility of the testimony, the trial court stated as follows:
[H]is prior testimony that was given at trial last year did not arise out of any wrongful conduct by the State. That it was purely voluntary on his part, and therefore, it is not tainted in any way and can be introduced as a valid, or admissible evidence in this trial. So, for those reasons, his testimony would be admissible.
We will begin by first addressing Defendant's concern that, through the introduction of Defendant's testimony from his first trial, the jury was exposed to the fact that Defendant was being retried for the offense of aggravated burglary. La. Code Crim.P. art. 857 provides the following regarding the effect of granting a new trial:
The effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried.
However, pursuant to La.Code Crim.P. art. 921, we will not reverse any ruling on appeal that does not "affect substantial rights of the accused." Here, Defendant does not show how he was prejudiced by any reference in the trial transcript to his first trial. Accordingly, we find no error in the trial court's ruling on that issue. See State v. Copeland, 530 So.2d 526 (La. 1988), cert. denied, 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 860 (1989).
Regarding the admissibility of a criminal defendant's former testimony, "the general evidentiary rule [is] that a defendant's testimony at a former trial is admissible against him in later proceedings." Harrison v. United States, 392 U.S. at 222, 88 S.Ct. at 2010. Moreover, by testifying on his own behalf without invoking the privilege against self-incrimination, a defendant in a criminal case "waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case." State v. Reed, 324 So.2d at 380; State v. Parker, 436 So.2d at 498.
Regarding the scope of our review of trial court rulings on motions for mistrial, a "[m]istrial is a drastic remedy generally and the determination `of whether prejudice has resulted lies in the sound *679 discretion of the trial judge.'" State v. Banks, 96-2227, p. 2 (La.4/18/97); 692 So.2d 1051, 1053 (quoting State v. Sanders, 93-0001 (La.11/30/94); 648 So.2d 1272, cert. denied, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996); State v. Smith, 430 So.2d 31 (La.1983)). Upon reviewing the record, we find that Defendant's prior testimony regarding his cocaine addiction and previous conviction constituted a personal admission under La.Code Evid. art. 801(D)(2).[3] We find no error in the trial court's finding that Defendant voluntarily testified at the first trial, noting that he was represented at that trial by the same counsel as in the current proceedings. Accordingly, the trial court did not err in admitting that prior testimony and refusing to grant a mistrial, as that testimony does not involve "[a]nother crime committed... by the defendant as to which evidence is not admissible." See La.Code Crim.P. art. 770(2).
Turning now to Defendant's appeal of the trial court's denial of his motion for new trial, we note that Defendant has not stated specific authority entitling him to a new trial. However, it appears that Defendant's arguments allude to La.Code Crim.P. art. 851(2), which provision states:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
. . . .
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error[.]
At the April 24, 1998 hearing on Defendant's motion for new trial, defense counsel presented the following in support of the motion:
Particularly, defense would assert that the defense is entitled to a new trial in that the defendant was prejudiced unduly by the reading into the record and by actual publication to the jury, the transcript of the prior testimony of Mr. Bishop at his first trial, which ended in a mistrial. That particularly the matters which prejudiced Mr. Bishop was that, number one, in the second trial, which was tried in March of this year, Mr. Bishop did not testify in that trial, but the State offered in its case in chief, the testimony of Mr. Bishop from his first trial. The defense believes that that offering put at issue Mr. Bishop's constitutional right to remain silent in the second trial. The defense also asserts that contained in the former testimony from the first trial read to the jury and also presented to them in writing, in the second trial contained in that testimony, was other crimes evidence, or bad acts for which Mr. Bishop was not on trial at that time, which served to prejudice the jury against Mr. Bishop creating in their mind an image of a bad actor. And that image was not able to be rebutted. Thirdly, that testimony offered to the jury and published, also contained other crimes evidence of convictions or at least a conviction of another crime, which would not have been admitted to the jury unless Mr. Bishop took the stand, which he did not.
Finally, the transcript that was read to the jury and also published in writing, clearly indicated to the jury that another trial had taken place, with references in several places and throughout, the very last reference was that "State rest, Defense rest, jurors excused." The defense believes that those references which the prosecution did not redact out of the transcript, prejudiced the jury by giving them the knowledge thatthe inadmissible knowledge that a prior trial had taken place and it was obvious to that jury that Mr. Bishop had escaped conviction the first time since he was on trial for the same thing.
The trial court ruled upon Defendant's motion for new trial as follows:

*680 With respect to the information that was not removed from the prior testimony by Mr. Bishop, the Court is of the opinion and believes today that any error that occurred would just simply be harmless error in that respect. The Court has already ruled on the admissibility of the prior statement that Mr. Bishop gave at the first trial, and the opinion of the Court is unchanged as to the admissibility of that testimony. For that reason, the Court DENIES Mr. Bishop's Motion for a New Trial.
The decision concerning whether to grant a new trial is within the sound discretion of the trial court, and we will not reverse the trial court's ruling absent an abuse of that discretion. See State v. Viree, 95-176 (La.App. 3 Cir. 3/6/96); 670 So.2d 733, writ denied, 96-0885 (La.9/20/96); 679 So.2d 431. Upon reviewing the record, we cannot say that the trial court erred in denying Defendant's motion for new trial.

DECREE
For the foregoing reasons, we find that the trial court did not err in denying Defendant's motions for mistrial and new trial. Accordingly, the conviction of Defendant is affirmed.
AFFIRMED.
NOTES
[1] The clerk read the bill of information to the jury as follows:

The undersigned District Attorney for the Ninth Judicial District, Parish of Rapides, Louisiana, charges that while in the parish of Rapides, Louisiana, Chester Bishop committed the offense of Aggravated Burglary, Louisiana Revised Statute 14:60, in that he did on or about the 10th day of February, 1997, enter[] an inhabited dwelling with the intent of committing a felony or a theft including a battery upon a person, date of birth 3-2-72, while in the dwelling, in violation of revised Statute 14:60.
[2] That provision provides as follows:

Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
[3] That provision provides that statements made by a party in his or her individual or representative capacity and offered against that party are not hearsay.