DECISION
A Franklin County Grand Jury indicted defendant-appellant, Mark N. Javorina, on one count of assault against a peace officer in violation of R.C. 2903.13. Appellant's first trial in the Franklin County Court of Common Pleas ended in a mistrial due to a hung jury. In his second trial, the jury found appellant guilty. The trial court sentenced appellant to an eighteen-month sentence at the Ohio Department of Rehabilitation and Corrections, to be served consecutively with his present prison term and consecutive to new charges appellant faced in Licking County. Appellant appeals the judgment of the trial court and presents the following three assignments of error for review:
 I. THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE TO ENTER INTO EVIDENCE INFERENCES AND INNUENDOES THROUGH CROSS EXAMINATION OF THE DEFENDANT ON IRRELEVANT AND HIGHLY PREJUDICIAL PRIOR BAD ACTS EVIDENCE.
 II. THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE TO ENGAGE IN A DELIBERATE AND PERSISTENT PATTERN OF CAUSING THE DEFENDANT TO INVOKE HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AND FAILED TO PROVIDE PROPER LIMITING JURY INSTRUCTIONS WHICH THEREBY DENIED HIM A FAIR TRIAL AND DUE PROCESS OF LAW PROTECTED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 III. THE MISCONDUCT OF THE PROSECUTOR DENIED MR. JAVORINA A FAIR TRIAL AND DUE PROCESS OF LAW, PROTECTED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I § 16 OF THE OHIO CONSTITUTION.
A felony warrant for appellant's arrest was issued out of Pickaway County for escape from the Pickaway County Correctional Institution. On August 26, 1998, Columbus Police Officer Warren Constable responded to a call for backup from a fellow Columbus police officer who found a vehicle connected to appellant in the parking lot of the Platinum Fox Lounge. Constable and two other officers entered the Platinum Fox where they identified and arrested appellant. Constable handcuffed appellant and placed him in a police cruiser without incident.
Subsequently, James Evans, a sergeant with the Franklin County Sheriff's Department arrived to take custody of appellant for the purpose of transferring custody of appellant to the Pickaway County Sheriff. To this end, Constable's handcuffs were removed from appellant, Evans' handcuffs were placed on appellant, and appellant was placed in Evans' cruiser. Constable explained that officers are assigned a particular set of handcuffs for which they are responsible. Appellant's demeanor was quiet and calm. According to Constable, the news media arrived after appellant was transferred to Evans' cruiser.
Pickaway County Police and Corrections Officers arrived within the hour and determined that the Pickaway County Sheriff's Department would take custody of appellant. This necessitated another transfer of handcuffs and cruisers. Appellant's assault conviction stems from appellant biting Constable on the arm during this third transfer. Appellant contends that he acted in self-defense, while the state characterizes appellant's action as an assault.
Constable and Evans decided to switch cuffs in the cruiser because of the news media presence. Evans testified that, when he instructed appellant to move so they could transfer him to the Pickaway cruiser, appellant's body became rigid, he attempted to curl into a ball, and did not comply with instructions. The officers decided to lay him down and carry him. Evans reminded Constable to avoid appellant's neck, and Constable reached around appellant's torso to pull him back down on the seat. Constable denied choking appellant. As Constable began to pull appellant back, appellant leaned over and gripped Constable's arm with his teeth. When Evans saw that appellant was biting Constable, he applied a pressure point control tactic on appellant which caused appellant to release Constable's arm. Evans then pulled appellant out of the cruiser and placed him in the Pickaway sheriff's cruiser.
Appellant testified on his own behalf at both of his trials. At his second trial, appellant acknowledged that he had numerous prior felony convictions and that he was arrested at the Platinum Fox on an outstanding warrant. Appellant testified that, after being arrested and handcuffed, he was placed in a cruiser and, after some time, transferred to a second cruiser. Appellant further testified that he was sitting in the second cruiser, handcuffed with his arms behind his back and his head down, when the doors to the cruiser opened and he was ordered not to move. An officer put one hand under his neck and the other on top and pushed him forward. The second officer brought appellant's arms up which caused his weight to shift forward and his head to smash into the screen of the cruiser. Appellant testified that he could not breathe and brought his head up in an instinctive effort to get air. Appellant was put in another hold with his face smashed against the arm of an officer. Appellant testified that he was being smothered and choked, he could not breathe, and he was scared. Appellant testified that he bit the officer's arm which prompted the officer to take his arm off appellant's face and allowed appellant to breathe.
On cross-examination, when the prosecutor asked appellant how he got to the Platinum Fox, the defense renewed its previously filed motion in limine to prevent disclosure of evidence concerning appellant's actions prior to his arrest, his escape from Pickaway Correctional Institution, and his theft of a car. Stating that appellant's escape from Pickaway and stealing a car were pertinent to his motivation, the court denied the motion. When defense counsel informed the court that he would advise appellant to invoke his Fifth Amendment rights regarding the pending charges against him, the court responded that this would be fine.
The prosecution proceeded with a line of approximately half a dozen questions intended to elicit testimony from appellant that he had escaped from Pickaway Correctional Institution and stole a truck which he drove to the Platinum Fox. When appellant denied testifying at his first trial that he had escaped from Pickaway Correctional Institution and had stolen a truck, the prosecution showed appellant pages of the transcript from his first trial in which he testified that he escaped from Pickaway by walking away from a work detail and stole a truck which he drove to the Platinum Fox. When defense counsel objected, the trial court ruled that appellant could answer questions regarding his former testimony.
The jury found appellant guilty of assault.
In his first assignment of error, appellant asserts that the trial court erred when it overruled his motion in limine and found that evidence of his escape and theft of the truck was admissible.
A trial court has broad discretion to admit or exclude evidence, and its determination will not be reversed absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173,182.
R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law rule that evidence of previous criminal acts wholly independent of the criminal offense for which a defendant is on trial is generally inadmissible. State v. Wilkinson (1980),64 Ohio St.2d 308, 315; State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus. While evidence of other crimes, wrongs, or acts is not admissible to show the accused's propensity or inclination to commit a crime, State v. Curry (1975), 43 Ohio St.2d 66,68, it is admissible for various purposes including to prove motive, intent, plan, or absence of mistake or accident. R.C. 2945.59; Evid.R. 404(B). To be admissible, evidence of other crimes must be so "blended or connected" with the crime on trial that "`proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" Wilkinson, at 317. If the other acts do not "`tend to show' by substantial proof" one of the enumerated purposes, the evidence will not be admissible. See Broom, at paragraph one of the syllabus.
Appellant argues that his escape from Pickaway and stealing the truck are not so inextricably related to his assault on the police officer that they establish motive for the assault. Additionally, appellant contends that this evidence was highly prejudicial and outweighs any probative value of the evidence and, thus, the trial court erred when it admitted the prior bad acts testimony.
Appellee argues that the key issue was appellant's motive for biting Constable and that the state's theory was that appellant bit Constable in an attempt to avoid being returned to Pickaway County. Appellee contends that appellant's escape and theft of the truck are substantial proof of his strong desire not to be in Pickaway County Correctional Institution, and that this desire explains why appellant tensed, when Evans told him he was being moved to a Pickaway cruiser, and bit Constable.
This court finds that appellant's assault on Constable is connected to his prior acts, such that the assault is not wholly independent from the prior acts and that the prior acts logically tend to prove appellant's motive for the assault. Specifically, appellant's escape was the basis for the felony warrant that prompted his arrest, and appellant became uncooperative the moment he was told he was being moved to the Pickaway cruiser. Furthermore, in light of appellant's own testimony acknowledging his prior felony convictions and the outstanding warrant for him at the time of his arrest, the danger of unfair prejudice from appellant's prior acts did not outweigh their probative value such that the evidence should have been excluded under Evid.R. 403(A).
For the above reasons, appellant's first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred when it permitted the prosecutor to repeatedly question him about his escape and theft of a truck which prompted him to invoke his Fifth Amendment right against self-incrimination. Appellant cites State v. Dinsio (1964),176 Ohio St. 460, syllabus, which holds that a court commits prejudicial error when it permits the state to continually question a witness who does not answer, but, instead, properly invokes his constitutional right against self-incrimination.
Appellee contends that appellant's reliance on his constitutional right against self-incrimination was not properly invoked.
In State v. Slone (1975), 45 Ohio App.2d 24, this court noted the generally accepted rule in criminal trials that a defendant who voluntarily took the stand on his own behalf at a prior trial has waived his right to assert his constitutional privilege against self-incrimination in a subsequent trial where the prior testimony can be used against the defendant. Id. at 27.
Appellant testified about his escape and theft of the truck at his first trial and, consequently, waived his right to assert his Fifth Amendment rights as to this testimony. Thus, the trial court did not err when it permitted the prosecutor to continue questioning appellant about his escape and theft of the truck after appellant had invoked his right against self-incrimination. Consequently, appellant was entitled to no curative instructions to the jury.
Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant asserts that prosecutorial misconduct denied him a fair trial and due process of the law.
Prosecutorial misconduct does not constitute reversible error unless it deprived the defendant of a fair trial. State v.Keenan (1993), 66 Ohio St.3d 402, 405. Thus, if prosecutorial misconduct is found, the question becomes whether, considered in the context of the entire trial, the misconduct influenced the jury such that defendant's due process right to a fair trial was violated. Id. at 410.
Appellant identifies four instances during his cross-examination in support of his misconduct claim. First, appellant refers to the prosecutor's attempt to question him about details of his prior criminal record. Although, the trial court sustained defense counsel's objection to the question, appellant alleges that it was intended to mislead or confuse the jury. Second, appellant relies on the prosecutor's repeated questioning of appellant about his escape from Pickaway and theft of a truck. Appellant alleges that the prosecutor's intent in pursuing this line of questioning was to portray him as a violent prison escapee who would assault a police officer. Third and fourth, appellant refers to the prosecutor's comments, "[y]ou've answered the question" and "[y]ou've made that abundantly clear," in response to appellant expounding upon his answers to two questions. (Tr. 115, 116.) After these two comments, the judge chided the prosecutor, telling him, respectively, not to argue and not to comment.
Appellant contends that, in the context of the entire record, the above instances of alleged misconduct prejudicially affected his right to a fair trial. Appellant argues that the state's case was not strong and the incidents of prosecutorial misconduct raise grave doubts that the outcome of the trial would have been the same.
As to the first instance cited by appellant, although the prosecutor asked one question about appellant's prior guilty pleas, defense counsel's objection was sustained and appellant had already testified on direct that he had prior convictions. As to the second instance, this court has found that the prosecution properly questioned appellant about his escape and theft of a truck, thus, there was no misconduct. As to the third and fourth instances, while the prosecutor's comments were not commendable, standing alone, they did not materially prejudice appellant.
At best, appellant has identified three minor incidents of misconduct. Viewing the three instances of alleged misconduct in the context of the entire trial, this court finds no material prejudice. Accordingly, appellant's third assignment of error is overruled.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.