STATE OF LOUISIANA                              NO. 25-K-458

VERSUS                                          FIFTH CIRCUIT

LUCIEN BAZLEY                                   COURT OF APPEAL

                                                STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

October 09, 2025

Linda Tran
First Deputy Clerk

IN RE STATE OF LOUISIANA

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 22-4780

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT DENIED**

Relator, the State of Louisiana ("the State"), seeks review of the trial court's denial of its "Motion to Obtain Jury Trial Audio Recording."

On January 19, 2023, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Lucien Bazley, with second degree murder in violation of La. R.S. 14:30.1 (count one) and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count two). On May 15, 2025, after a twelve-person jury trial, in which defendant represented himself, defendant was convicted of possession of a firearm by a convicted felon (count two), but the trial court declared a mistrial as to the charge of second degree murder (count one). The retrial on count two, second degree murder, is set for October 14, 2025.

On September 29, 2025, the State filed a "Motion to Obtain Jury Trial Audio Recording." In the motion, the State asserted that it was in possession of a written transcript of the trial; however, it was seeking to obtain a copy of the audio recording

of defendant's prior testimony in preparation for, and to use during, defendant's retrial on count one, second degree murder. The State argued that defendant's own statements (*i.e.*, defendant's actual testimony when he was a sworn witness, not any statements from his trial wherein he was acting in the capacity of "Defense Counsel") were admissible against him under La. C.E. art. 801 D(2)(a), in both written and recorded form, as those statements were not hearsay. The State pointed out that pursuant to La. C.Cr.P. art. 61, the District Attorney has entire charge and control of every criminal prosecution instituted in his district and determines how he shall proceed. In this case, the State avers that the audio recording of defendant's testimony from his prior trial is the "best" possible evidence to be presented to the jury at trial and is clearly "better" than a "dry" transcript, which does not contain defendant's "verbal inflections."

A hearing on the motion was held on September 29, 2025. Defendant informed the trial court that he intended to represent himself again at the retrial and he objected to the State's request. The State submitted "on the written motion," without argument. The trial court denied the motion, finding that the State was in possession of the written transcript of defendant's testimony, which is "the official record in this matter." This timely writ application was filed and the State has requested expedited consideration due to the October 14, 2025 trial date.

In its writ application to this court, the State argues that the trial court abused its discretion in denying the motion to obtain the audio recording of defendant's trial testimony. The State argues that it is entitled to the audio recording for the reasons argued in its motion pursuant to La. C.E. art. 801 D(2)(a) and La. C.Cr.P. art. 61. The State also contends that the audio recording is a public record under La. R.S. 44:4(47), and even if it is not a public record, the victim's family has a right to have the State prosecute the case to the best of its ability with the best possible evidence available and cites to La. R.S. 46:1841, which charges prosecutors to protect the

rights of crime victims.[1] The State further claims that the transcript from the hearing "reflects a misapprehension" that use of defendant's prior testimony would be used for impeachment, which the State avers that this is not accurate. The State contends that it has "since addressed this" and informed the trial court that it reserved the right to use the statement in its case in chief.[2]

It is well established that trial courts have vast discretion in the regulation of pretrial discovery. A trial court's determination regarding matters of discovery will not be overturned absent a clear abuse of that discretion. State v. Sly, 23-60 (La. App. 5 Cir. 11/02/23), 376 So.3d 1047, 1078, writ denied, 23-1588 (La. 04/23/24), 383 So.3d 608.

La. C.E. art. 801(D)(2)(a), cited to by the State, provides that a statement is not hearsay if it is offered against a party and is "his own statement, in either his individual or representative capacity." Regarding the admissibility of a criminal defendant's former testimony, "the general evidentiary rule [is] that a defendant's testimony at a former trial is admissible against him in later proceedings." Harrison v. United States, 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968). By testifying on his own behalf without invoking the privilege against self-incrimination, a defendant in a criminal case "waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case." State v. Bishop, 98-1147 (La. App. 3 Cir. 02/03/99), 734 So.2d 674, 678, writ denied, 99-2499 (La. 2/11/00), 754 So.2d 932 (citing State v. Parker, 436 So.2d 495, 498 (La. 1983); State v. Reed, 324 So.2d 373, 380 (La. 1975)).

The State has not cited, and this court cannot find, any legal authority to support the State's assertion that it is entitled to the audio recording of defendant's

---

[1] A review of the record shows that the State did not assert any argument regarding La. R.S. 44:4(47) or La. R.S. 46:1841 in its motion or at the hearing before the trial court, nor does it appear that the trial court considered either argument in making its ruling.

[2] It is unclear whether the State's assertion is accurate, as the record does not contain any documentation regarding this assertion.

trial testimony for retrial purposes.  It is undisputed that the State is in possession of a certified copy of the written transcript of defendant's trial testimony.  In this case, in denying the State's motion, the trial court pointed out that the State had the written transcript of defendant's trial testimony, which is the official record.

Accordingly, on the showing made, we do not find that the trial court abused its discretion in denying the State's motion for the audio recording of defendant's trial testimony for retrial purposes, considering the State is in possession of the official written transcript of defendant's trial testimony.  Therefore, this writ application is denied.

Gretna, Louisiana, this 9th day of October, 2025.

**SJW**
**SMC**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>10/09/2025</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-458**

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Darren A. Allemand (Relator)          Thomas J. Butler (Relator)

### MAILED
Lucien Bazley #358366 (Respondent)      Honorable Paul D. Connick, Jr. (Relator)
In Proper Person                        District Attorney
Jefferson Parish Correctional Center    Twenty-Fourth Judicial District
P. O. Box 388                           200 Derbigny Street
Gretna, LA 70054                        Gretna, LA 70053