LABORDE, Judge.
Defendant was charged with violation of LSA-R.S. 14:75, the support provisions under the section of the revised statutes dealing with criminal neglect of family. He entered into a stipulation under LSA-R.S. 14:75.2 under which an order of support was agreed upon. However, the defendant failed to fulfill this obligation and was cited for contempt of court on four separate occasions. The defendant was found guilty of the contempt charges and sentenced to 6 months in jail. He now appeals this decision assigning five errors of the trial court. We will only consider defendant’s first assignment of error because we do feel that this assignment has merit.
Under this assignment, the defendant claims that the record does not reflect that he was informed of the legal consequences of entering into the stipulation, does not show that he was informed that he had a right to have an attorney represent him in the proceedings, and does not state that the defendant was offered the right to obtain a court-appointed attorney if he was unable to obtain one himself.
We feel that the Louisiana Supreme Court has recently made its position known in this type of proceeding. In State v. Broussard, 490 So.2d 273 (La.1986), the court, in reversing a decision by this circuit, held that LSA-R.S. 14:74 is a criminal statute and entitles a defendant to full due process protection. The court further stated:
“After defendant is charged with criminal neglect of family, the provisions of R.S. 14:75, 75.1 and 75.2 come into play. Some of these are necessarily criminal in nature. The defendant is entitled to counsel and if he cannot afford one, counsel must be appointed to represent him. The trial judge shall explain the defendant’s rights to him (cf. the customary ‘Boykin’ examination) before any proceeding under 14:75 is initiated.”
Id. at 273-274.
Broussard involved a defendant charged in the bill of information with violation óf a criminal statute (LSA-R.S. 14:74) who entered into a stipulation to avoid criminal prosecution. In the present matter, the defendant was charged under a bill of information with criminal neglect of family in violation of LSA-R.S. 14:75. It is apparent that this is an erroneous citation of R.S. 14:75 and it was instead intended that defendant be charged with violation of LSA-R.S. 14:74. Even though this statutory charge was erroneous, it is not an error of substance and absent a showing of prejudice by the defendant, the State is entitled to amend the information to cor *1002 rect the erroneous statutory citation. State v. Williams, 392 So.2d 619 (La.1980). Thus, under Broussard, the defendant was entitled to counsel and if he was unable to afford counsel, one should have been appointed to represent him. He was also entitled to full “Boykinization” before a LSA-R.S. 14:75 proceeding was instituted against him.
For the foregoing reasons, defendant’s writ is made peremptory and accordingly the trial court’s decision is reversed. The conviction and sentence of the defendant are set aside and this matter is remanded to the trial court for further proceedings.
WRIT GRANTED IS MADE PEREMPTORY: the judgment of the trial court is reversed and this matter is remanded.
DOMENGEAUX, J., dissents and assigns reasons.