h CARAWAY, J.
Defendant was tried by jury and convicted of introduction of contraband into á city jail in violation of La. R.S. 14:402 E(5). Lee appeals his conviction on two procedural grounds. Finding no trial court error, we affirm his conviction and sentence.

Facts

On the night of April 22, 2003, Bossier City Police Officer, Darren Barclay, was patrolling an apartment complex in Bossier City because of complaints of illegal activity involving gangs, drugs and firearms. Officer Barclay observed a vehicle in the parking lot occupied by two individuals who appeared to be drinking beer. The defendant, Isaiah Lee, was sitting on the driver’s side of the vehicle, and as Officer Barclay approached, the passenger exited the car holding a beer bottle in his hand. Officer Barclay ordered Lee to exit the vehicle and present his driver’s license. Officer Barclay noticed an odor coming from Lee’s person that he suspected was marijuana. Lee agreed to a weapons pat down search which produced a bag of marijuana from Lee’s right pants pocket. Lee was handcuffed and advised of his rights. Lee also gave Officer Barclay consent to search the inside of the vehicle where two open containers of beer were found. While transporting Lee to jail, Officer Barclay asked him three or four times if he had any other illegal items on his person because Lee appeared nervous. Lee stated no. Upon arriving at the jail facility, Officer Barclay once again asked Lee if had anything on him that he should know about. Lee again responded that he did not. At the booking desk, and in the presence of 1 ¡.Sergeant Michael Johnson, Officer Barclay asked Lee for a final time if he had anything he wanted the officers to know about. Lee again stated no. When Sergeant Johnson conducted another pat down search of the defendant’s person, a white paper towel containing marijuana fell to the floor from Lee’s right pants leg. Lee was subsequently charged by bill of information with introducing contraband (marijuana) into the Bossier City Jail, in violation of La. R.S. 14:402 D(l).
Trial of this matter occurred on October 13, 2003. After the jury was temporarily sworn, the state filed an amended bill charging Lee with a violation of La. R.S. 14:402 E(5). The district court minutes of October 13, 2003, reflect the following:
Defendant is present with John Cucci. Jeff Cox is present on behalf of the State of Louisiana. Case is called for trial. Both State and defense announce ready. A jury of six is ordered to try the case. The following are temporarily selected and sworn: Melody Ann Kil-burn, Jeannette Cook, Sharon D. Hicks and Nicole Michelle Gordano. Motion in Liming is argued outside the presence of the prospective jury. The Court does not allow any evidence as to intoxication of the defendant. Objection noted by Mr. Cucci for the record. An amended bill is filed and the Court allows this to be filed, with objection by Mr. Cucci. The following are sworn as a jury panel: Melody Ann Kilburn, Jeannette Cook, Sharon D. Hicks, Anthony Solomon, Nicole Michelle Gordano and Erika D. Wadsley....
The state then presented evidence as noted above and rested. The defense rested without calling any. witnesses. The court instructed the jury which, after retiring, returned once with a question for the bailiff. After clarification of the jury charge by the judge, the jury returned to deliberations and rendered a unanimous verdict of guilty as charged.- On March 10, 2004, the trial court sentenced Lee to a *307 suspended sentence of 13two years imprisonment. Lee was placed on two years active probation with special conditions and now appeals.

Discussion

In his first assigned error, Lee argues that the trial court erred in allowing the state to amend the bill of information with substantive changes after the trial had begun in violation of La.C.Cr.P. art. 487. Specifically, the state charged Lee by bill of information with introduction of contraband into the Bossier City jail, a violation of La. R.S. 14:402 D(l). Subsection D(l) pertains to any state correctional institution. That state later amended the bill of information to state a violation of La. R.S. 14:402 E(5). Subsection E(5) refers to any municipal or parish prison or jail.
The bill of information must inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. La. Const.1974, Art. I, Sec. 13; State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, unit denied, 99-0336 (La.6/18/99), 745 So.2d 618.
Regarding the amendment of a defective indictment, La.C.Cr.P. art. 487 provides in pertinent part:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because of any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in any respect to any such formal defect, imperfection, omission or uncertainty.
RBefore the trial begins, the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance. Relating to the commencement of trial, La.C.Cr.P. art. 761 states:
A jury trial commences when the first prospective juror is called for examination. A trial by a judge alone commences when the first witness is sworn.
If a defendant can show that he has been prejudiced by the amendment to the charge against him, he is entitled to a continuance. La.C.Cr.P. art. 489. A defect of substance as contemplated by La. C.Cr.P. art. 487 is intended to mean a defect which will work to the prejudice of the party accused. City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974); State v. Offord, 95-290 (La.App. 3d Cir.10/4/95), 663 So.2d 296. Error in the citation or its omission shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464. Even when the bill of information supplies the completely wrong section number or statute, the conviction is upheld if the defendant was given fair notice and identity of the offense and does not claim surprise or prejudice. State v. Williams, 02-1188 (La.App. 5th Cir.4/8/03), 846 So.2d 22; State v. Michels, 98-608 (La.App. 5th Cir.1/13/99), 726 So.2d 449; State v. Bishop, -98-1147 (La.App. 3d Cir.2/3/99), 734 So.2d 674, writ denied, 99-2499 (La.2/11/00), 754 So.2d 932; State v. Taylor, 96-1043 (La.App. 3d Cir.2/5/97), 688 So.2d 1262; State v. Ramirez, 96-302 (La.App. 3d Cir.11/6/96), 684 So.2d 52; State v. Belino, 96-0789 (La.App. 1st Cir.12/20/96), 686 So.2d 101, | ¿writ denied, 98-2992 (La.6/25/99), 745 So.2d 625; State *308 v. Maxey, 520 So.2d 1000 (La.App. 3d Cir. 1987).
In this case, the initial bill of information, while citing the incorrect portion of the statute, nevertheless informed Lee that he was being charged with introduction of contraband into the “Bossier City-Jail, Bossier Parish, Louisiana.” The only alteration made on the amended bill of information was the change in the cited subsection of La. R.S. 14:402. Such an error in citation is not a defect of substance unless prejudice is demonstrated. Because both charging instruments gave Lee notice of his prosecution for the introduction of contraband into a municipal jail despite the erroneous citation, he could not have been misled as to the nature of the charge. In fact, Lee alleges neither specific prejudice nor surprise from the error. Without a showing of prejudice, such an omission is not a defect of substance nor grounds for reversal of the conviction under La.C.Cr.P. arts. 464 and 487. Accordingly, we reject Lee’s argument.
Lee’s second complaint is that the district court erred in not fully or correctly reading La. R.S. 14:402 E(5) when re-instructing the jury. After close of the case, the jury retired to deliberate, but court reconvened because the jury presented a question to the bailiff. The court clarified:
All right, ladies and gentlemen, I have been presented your question by the bailiff. And the question states what does the law state. Is it just possession or intent to distribute? I’m going to read to you the portion of the charge-that would address that. Louisiana Revised Statute 14:402(E)(5) states: It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail. Okay, that’s.really the part that applies to this case. It goes on to say other things, but let me read that to you again. Louisiana Revised statute 14:402(E)(5) states: It shall | fibe unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail any contraband. Okay, with that, then, I would instruct you to go back and resume your deliberations.
No objection was made to the jury charge. On appeal, however, Lee takes issue with this exchange. He argues that the trial judge should have refrained from commenting upon which portion of the statute was pertinent to the facts and that the partial re-reading of the statute placed undue emphasis on the portion read.
Article 808 of the Louisiana Code of Criminal Procedure contemplates the giving of further charges after the jury has begun its deliberation. Two major limitations apply to the supplemental charges. State v. Schamburge, 344 So.2d 997 (La.1977). The trial judge may not comment upon the facts of the case in accordance with La. C. Cr. P. art. 806 nor coerce the jurors into agreeing on a verdict. Id. Additionally, it is not error when a trial court declines to give an additional jury instruction as to a matter outside the scope of the jury’s request for additional instructions. State v. Price, 02-0360 (La.App. 4th Cir.4/2/03), 842 So.2d 491, 512, units denied, 03-1322 (La.11/21/03), 860 So.2d 542, 03-1517 (La.12/12/03), 860 So.2d 1151.
The general rule is that absent a contemporaneous objection, a defendant may not complain of an erroneous charge to the jury. La. C.Cr.P. art. 801 C; La.C.Cr.P. art. 841. The rule has an exception where the error is plain, affecting the very definition of the crime for which the defendant was convicted. State v. Williamson, 389 *309 So.2d 1328 (La.1980). The failure to object may itself be raised in an ineffective assistance of counsel claim 17which, if possible, can be decided from the record. State v. Moore, 38,444 (La.App.2d Cir.6/23/04), 877 So.2d 1027.
In this case, while admitting that no contemporaneous objection was made, Lee argues that the trial court’s error did affect the very definition of the crime, or alternatively, that he received ineffective assistance of counsel. The first exception clearly has no application here. Lee does not argue that the initial jury instruction contained any error in defining the crime charged. Indeed, a review of those instructions shows that a complete and correct recitation of the law was quoted to the jury. The second instruction also gave a correct, albeit abbreviated, quotation of only that portion of the statute relevant to the jury’s question. Thus, no error in the definition of the crime of conviction occurred. Because no exception to the contemporaneous objection rule is applicable, Lee is precluded from first raising this issue on appeal. La.C.Cr.P. art. 801 C; La.C.Cr.P. art. 841; State v. Moore, supra.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because such an application creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Williams, 33,581 (La.App.2d Cir.6/21/00), 764 So.2d 1164. This is also certainly applicable in this case where the same trial attorney is also making the ineffective assistance of counsel argument on appeal.
For these reasons, Lee’s second assignment of error is without merit.
| ^Conclusion
Finding no error in the district court proceedings, Lee’s conviction and sentence are affirmed.
AFFIRMED.