CARAWAY, J.
 

 | Nicholas Loyd Young pled guilty to failure to register as a sex offender, second offense, in violation of La. R.S. 15:542.1.4. He was sentenced to 20 years’ hard labor without benefit of probation, parole, or suspension of sentence to run consecutively to any sentence he was serving. Young appeals the constitutional excessiveness of his sentence. We affirm.
 

 Facts
 

 On November 18, 2009, Nicholas Loyd Young was released from the Bayou Dor-cheat Correctional Center where he had been serving a three-year hard labor sentence for his second conviction of failure to register as a sex offender, first offense. He reported to the Shreveport District of Probation and Parole on November 19, 2009, and registered with the Bossier Parish Sheriffs Office as a sex offender that same day. He was given until December 30, 2009, to complete the community notification portion of the registration.
 

 Young’s parole officer visited his registered address in Haughton on December 8, 2009, and the landlord, who lived next door, told the parole officer that Young had been picked up by someone the day before Thanksgiving and had never returned. The next day the parole officer requested a warrant for Young’s arrest. On February 22, 2010, Young was arrested and transported to the Bossier Parish Maximum Security Facility where he was charged with fugitive warrants from Bossier Parish. That same day he was read his rights and charged with failure to register as a sex ^offender, third-offense.
 
 [1]
 
 Young spoke to an officer at the facility and told him that he had been staying with friends here and there, and had also been staying under the bridge at Red Chute in Haugh-ton, Louisiana.
 

 On April 14, 2010, Young was charged by Bill of Information with violating the provisions of La. R.S. 15:542
 
 [2]
 
 for
 
 *476
 
 failing to register with the Bossier Parish Sheriffs Office as a sex offender, third-offense. Young initially pled not guilty, but on August 28, 2010, pursuant to a plea bargain agreement, he changed his plea to guilty of failure to register as a sex offender, second offense.
 

 At the guilty plea proceedings, the district attorney read the following facts into the record. Young failed to register as a sex offender with the Bossier Parish Sheriffs Office on or about December 30, 2009, and had twice pled guilty in Caddo Parish to failure to register as a sex offender on September 2, 2005, and August 13, 2007.
 

 When the trial judge asked Young if the recited facts were substantially correct, he replied, “No, Sir.” The judge questioned what was wrong with the recitation of facts, and Young stated that he was convicted in Caddo Parish only once for failure to register as a sex offender. He also claimed he registered in Bossier Parish and with the Haughton Police Department when he got out of jail for his last offense. Young admitted that |salthough he registered, he did not send out his required community notifications because he did not have the money to do so. With the district attorney’s agreement, the trial court amended the charge to failure to register as a sex offender, second offense, and the guilty plea was accepted. There was no stipulation of sentence to be imposed.
 

 A presentence investigation report (“PSI”) was ordered by the court. At the sentencing hearing on December 7, 2010, the trial court indicated its consideration of the PSI which contained Young’s personal and criminal history. The court noted that Young was classified as a fifth felony offender, and that his criminal history began in 1982 with a felony theft that was reduced to a misdemeanor theft. The court also considered that during the 1980s, Young was convicted of DWI first and second offense and simple burglary, for which he received a three-year suspended sentence and three years’ supervised probation which was revoked. The court also noted that in 1993, Young was convicted of possession of a Schedule II, Controlled Dangerous Substance and that in 1995 he was charged with aggravated incest and allowed to plead to carnal knowledge of a juvenile for which he received a sentence of five years’ hard labor. In 2005, Young was charged with obscenity in Caddo Parish, but ultimately pled guilty to first offense failure to register as a sex offender. He was sentenced to one year of hard labor and was paroled, but the parole was revoked (for absconding supervision and substance abuse). In June of 2007, Young pled guilty to failure to register as a sex offender, another first offense, and received a 14three-year hard labor sentence. He twice received good-time parole and both were revoked for absconding supervision and substance abuse.
 

 In fashioning Young’s sentence, the trial court noted that the defendant was convicted of failure to register as a sex offender, second offense rather than the charged third offense. The court informed Young that the purpose of the registration laws was the protection of children, yet Young was not doing what he was supposed to do. The court concluded that a probated sentence would not be considered under the circumstances because Young had repeatedly violated his parole in the past. The court noted that any lesser sentence would deprecate the seriousness of the offense, and then sentenced Young to the
 
 *477
 
 maximum sentence of 20 years at hard labor without benefit of probation, parole, or suspension of sentence, to run consecutively to any other sentence.
 

 Young’s attorney made an oral objection to the excessiveness of the sentence, but no written motion to reconsider the sentence was ever filed. Young has filed this appeal and assigns as error only the constitutional excessiveness of his 20-year hard labor sentence.
 

 Discussion
 

 On appeal, Young argues that although the sentence imposed was within the statutory limits, under the circumstances of this case, the sentence is constitutionally excessive and an abuse of the trial judge’s discretion. Young contends that this was a “crime of economics, not a crime reflecting criminal intent worthy of the maximum sentence under the law,” because he lfidid not have a job, means of support or transportation, and money to pay for the required postal notification and public advertisement in a local paper.
 

 The statute under which Young was sentenced is La. R.S. 15:542.1.4 which provides, in pertinent part, as follows:
 

 A. (1) A person who fails to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required by the provisions of this Chapter, and a person who knowingly provides false information to a law enforcement agency as provided in R.S. 15:542(0(3), shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
 

 (2) Upon second or subsequent convictions, the offender shall be fined three thousand dollars and imprisoned with hard labor for not less than five years nor more than twenty years without benefit of parole, probation, or suspension of sentence.
 

 (3) An offender who fails to pay the annual registration fee in accordance with the provisions of R.S. 15:542 shall be fined not more than five hundred dollars, imprisoned for not more than six months, or both. Upon a second or subsequent conviction for the failure to pay the annual registration fee, the offender shall be punished in accordance with the provisions of Paragraphs (1) and (2) of this Subsection.
 

 In order to prove the defendant guilty of violating La. R.S. 15:542, the State must prove that the defendant pled guilty or was convicted of a sex offense, that he resided in Louisiana for the period during which he was required to register and that he failed to register within the requisite time allotted for registration. La. R.S. 15:542(0(2);
 
 State v. Watts
 
 09-0912 (La. App. 4th Cir.6/16/10), 41 So.3d 625,
 
 writ denied,
 
 10-1685 (La.1/28/11), 56 So.3d 966.
 

 | ^Community notification is an adjunct registration requirement under La. R.S. 15:442. No intent to differentiate between registration and notification exists in the language of the statute.
 
 State ex rel. Olivieri v. State,
 
 00-0172 (La.2/21/01), 779 So.2d 735,
 
 cert. denied,
 
 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730,
 
 and cert. denied,
 
 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001).
 

 Because no motion to reconsider sentence was filed by Young, he is relegated to having this court consider the bare claim of constitutional excessiveness on review. La.C.Cr.P. art. 881.1;
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993).
 

 
 *478
 
 A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State
 
 v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d
 
 355
 
 (La.1980).
 

 A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Givens,
 
 45,354 (La.App.2d Cir.6/23/10), 42 So.3d 451,
 
 writ denied,
 
 10-1584 (La.1/14/11), 52 So.3d 902;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
 

 A trial court has broad discretion to sentence within the statutory limits.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 07-1394 (La.4/4/08), 978 So.2d 321;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
 

 As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses.
 
 State v. Cozzetto,
 
 07-2031 (La.2/15/08), 974 So.2d 665;
 
 State v. McKinney,
 
 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802;
 
 State v. Woods,
 
 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658,
 
 writs denied,
 
 06-2768, 06-2781 (La.6/22/07), 959 So.2d 494. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim.
 
 State v. Givens, supra; State v. Black, supra.
 

 The defendant places emphasis on his lack of a punishable intent and his partial compliance by his registration with authorities as a sex offender and probationer. This is an implicit attack on the legislative definition of failed registration as a serious felony and its fixing of the maximum sentence of 20 years, which the defendant suggests is grossly disproportionate to the harm of the offense to society. Nevertheless, such an | sattack under the Eighth Amendment
 
 [3]
 
 on the legislatively determined punishment is not the constitutional challenge now presented. We are therefore left with the question of whether this multiple felony offender may receive the maximum 20-year sentence in this case.
 

 Young has a three-decade continuous criminal history. Over the years, he has received extensive leniency in sentencing and has failed to benefit from probationary opportunities. Most significant to the present offense are Young’s prior sex crime offense and his arrest for obscenity. Young was originally charged with the aggravated incest of his 15-year-old stepdaughter in 1995 after Young kept her home from school under false pretenses. On that occasion, he forced the child to
 
 *479
 
 perform oral and sexual intercourse. Subsequently, in 2005 Young was arrested on an undisclosed obscenity charge but pled guilty to his first offense for failure to register as a sex offender. Young’s actions in the present case demonstrate his continued pattern of escaping supervision as he left his residence without informing his parole officer. His persistent flight and inability to comply with required restraints fashioned for the protection of children qualify Young as the worst type of offender for which the maximum sentence is appropriate. The imposed 20-year sentence is appropriately tailored to this defendant and does not shock the sense of justice.
 

 An error patent review indicates that with regard to the mandatory fine imposed under La. R.S. 15:542.1.4, the sentence imposed is illegally |alenient because the trial court failed to impose the $3,000 fine. Young is not prejudiced in any way by the trial court’s failure to impose the mandatory fine. La.C.Cr.P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. This court, however, is not required to take such action.
 
 State v. Griffin,
 
 41,946 (La.App. 2 Cir. 5/2/07), 956 So.2d 199;
 
 State v. Sims,
 
 40,300 (La.App.2d Cir. 10/26/05), 914 So.2d 594;
 
 State v. Price,
 
 05-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112,
 
 writ denied,
 
 07-0130 (La.2/22/08), 976 So.2d 1277;
 
 State v. Paul,
 
 05-612 (La.App. 5th Cir.02/14/06), 924 So.2d 345. Given defendant’s apparent indigent status we decline to impose such a fine at this juncture. In light of the above, we decline to correct Young’s sentence and affirm it as imposed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . These facts were gleaned from the presen-tence investigation report ordered by the trial court after the acceptance of the guilty plea.
 

 [2]
 

 . This statute requires defendants to register as sex offenders. La. R.S. 15:542.1.4 is the statute which actually contains the language making it a crime for failure to register, and which contains the penalty provisions. However, even when the bill of information supplies the completely wrong section number or statute, the conviction is upheld if the defendant was given fair notice and identity of the
 
 *476
 
 offense and does not claim surprise or prejudice. See,
 
 State v. Lee,
 
 39,088 (La.App.2d Cir.10/27/04), 888 So.2d 305.
 

 [3]
 

 . The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment, which according to the jurisprudence is barbarous, extraordinary, or grossly disproportionate to the offense.
 
 State v. Milter, 263
 
 La. 960, 269 So.2d 829 (1972).