STEWART, J.
|! Defendant Melanie Small was charged with possession of Schedule II narcotics, methamphetamine, with intent to distribute, a violation of La. R.S. 40:967(A), and two counts of possession of Schedule IV narcotics, violations of La. R.S. 40:969(C). In exchange for the dismissal of the Schedule IV charges, the defendant agreed to plead guilty to attempted possession of Schedule II narcotics, methamphetamine, with intent to distribute. The trial court sentenced her to serve three years’ imprisonment at hard labor, consecutive with any other sentence she may have to serve. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s conviction and sentence.
FACTS
On May 10, 2010, the defendant and Christy Napier were in the Dillard’s department store in the Pierre Bossier Mall in Bossier City. Security officers observed the defendant leaving the store and noticed that her purse, which was initially thin, had become significantly thicker. The security officers stopped both the defendant and Napier, and the defendant admitted that she had stolen merchandise from the store and put it in her purse. When the officers searched the defendant’s purse, they found seven individually wrapped bags of methamphetamine. She denied that the drugs, along with the other contents of the purse, belonged to her, and informed the officers that it belongs to Napier. The officers found more methamphetamine inside of the defendant’s car. The defendant and Napier admitted to *577 smoking methamphetamine earlier that day.
|20n July 10, 2010, a bill of information was filed, charging the defendant and Napier with one count of possession with intent to distribute a Schedule II controlled dangerous substance, to wit, methamphetamine, in violation of La. R.S. 40:967(A), one count of possession of a Schedule IV controlled dangerous, to wit: Alprazolam, in violation of La. R.S. 40:969(C), and with one count of Schedule IV controlled dangerous substance, to wit, Soma, in violation of La. R.S. 40:969(C).
After ensuring that the defendant understood and waived her rights and that the sentence would be up to the court, the trial court accepted the defendant’s guilty plea to attempted possession with intent to distribute a Schedule II controlled dangerous substance, to wit, methamphetamine, in violation of La. R.S. 40:967(A), on August 28, 2011. Based on the plea agreement, the second and third counts were nol prossed.
On November 15, 2011, the defendant appeared for sentencing. After reviewing the presentence investigation report, which included the defendant’s criminal history, the trial court made the decision not to suspend her sentence for the instant offense. It sentenced her to serve three years’ imprisonment at hard labor, consecutive with any other sentence she may have to serve.
Although the record does not reflect that the defendant filed a formal motion to reconsider sentence, it does include a pro se letter that she wrote to the judge arguing that her sentence was too harsh. The defendant further requested to appeal her sentence or have the trial court enter her into a drug ¡¡¡program. The trial court granted the defendant an appeal. She has filed the instant appeal, asserting one assignment of error.
LAW AND DISCUSSION
In her sole assignment of error, the defendant argues that the three-year prison sentence imposed by the trial court is unconstitutionally excessive. More specifically, she asserts that the sentence gives her no opportunity to rehabilitate herself or become a productive member of society. She further argues that the sentence is simply a needless imposition of pain and suffering.
La. R.S. 40:967 provides in pertinent part:
A. Manufacture; distribution. Except as authorized by the Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally;
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II;
[[Image here]]
B. Penalties for violation of Subsection A. Except as provided in Subsection F, any person who violates Subsection A with respect to:
(1) A substance classified in Schedule II which is an amphetamine or methamphetamine or which is a narcotic drug, except cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 and except oxyco-done as provided in Schedule II(A)(l)(o) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
*578 14Additionally, since the defendant pled guilty to attempted possession of methamphetamine with intent to distribute, there was no minimum sentence and the maximum sentence was 15 years’ imprisonment at hard labor. La. R.S. 14:27(D)(3). Although the defendant’s pro se letter was not captioned as a motion to reconsider sentence, we find it sufficient to afford her full appellate review of her sentence.
The trial court has wide discretion in imposing sentences within minimum and maximum limits allowed by the statute; therefore a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473; The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56. The articulation of the factual basis for a sen tence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows Lan adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra. All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial. State v. Platt, 43,708 (La.App.2d Cir.12/3/08), 998 So.2d 864, writ denied, 2009-0265 (La.11/6/09), 21 So.3d 305. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2 Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07) 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2 Cir.1/24/07), 948 So.2d 379.
As indicated above, a person who violates La. R.S. 40:967(A)(1) is subject to imprisonment at hard labor for not less -than two years and not more than 30 years, with the first two years to be served without benefit of | (¡probation, parole, or suspension of sentence. The defendant’s sentence of 3 years’ imprisonment at hard labor falls within the statutory guidelines.
*579 A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The court may consider whatever factors and evidence are deemed in the best interest of the public and the defendant. State v. Bradford, 29,519 (La.App.2 Cir.4/2/97), 691 So.2d 864.
The trial court complied with the sentencing guidelines and jurisprudence by considering the defendant’s criminal history, arrests, and parole violations. Her criminal history included:
1998: Theft of property by check (Texas); 180 days’ probation;
2003: Possession of Schedule II and IV CDS; 3 years’ hard labor, suspended, 3 years’ supervised probation, terminated unsatisfactorily;
2004: Issuing worthless checks, 3 years’ hard labor, suspended, 3 years’ supervised probation, terminated unsatisfactorily;
2006: Possession of Schedule II CDS; reduced from a charge of possession with intent to distribute, referred to drug court, conviction then set aside;
2010: Theft of good; failure to appear; warrant issued.
We note that even though the trial court did not relate a finding of any mitigating factors, it nevertheless imposed a sentence far below the maximum permitted by law. The trial court made the decision not to suspend the defendant’s sentence for the instant offense. It noted that the defendant, who was 33 years old at the time of trial, had been given several ^opportunities, via drug court and probation, to straighten her life out, but had failed to do so.
It is clear that the defendant’s persistent involvement in drug offenses, in addition to her current offense of possession of at least seven packages of methamphetamine, suggests that a period of incarceration is an appropriate punishment for her. Further, the defendant obtained some benefit by pleading guilty in exchange for the dismissal of the two other drug charges.
Given the defendant’s prior criminal history, particularly the drug offenses and the two probationary periods that she failed to complete, we find the sentence imposed is not disproportionate to the severity of the crime, does not shock the conscience and is not a needless infliction of pain and suffering. This assignment of error lacks merit.
CONCLUSION
For the aforementioned reasons, we affirm the conviction and sentence of the defendant, Melanie Renee Small. AFFIRMED.