CARAWAY, J.
| pursuant to a plea agreement, Ricky McGraw pled guilty as charged to one count of distribution of marijuana, in violation of La. R.S. 40:966(A)(1). McGraw was sentenced to seven years at hard labor, consecutive to any other sentence. McGraw now appeals his sentence. We affirm.

Facts

On April 24, 2015, after validly waiving his constitutional rights, McGraw entered a plea of guilty to one count of distribution of marijuana in exchange for the state’s agreement to forgo the filing of a multiple offender bill. There was no agreement as to McGraw’s sentence.
The prosecution provided the following factual basis for the plea:
On the 6th of May, 2014, the North Webster Narcotics Task Force obtained information that Mr. Ricky McGraw might be selling marijuana in the Cullen area. They contacted a confidential informant, sent the confidential informant to meet Mr. McGraw, and Mr. McGraw did in fact sell the confidential informant a small amount of marijuana in return for $10.00.
The State alleges that this was all captured on videotape and that all these facts occurred in Webster Parish,
Following the plea, the court ordered a presentence investigation report (PSI). McGraw appeared for sentencing on July 6, 2015.
Prior to sentencing McGraw, the trial court noted its earlier review of the PSI and reviewed the facts of the present offense. The court considered McGraw’s “long and lengthy” criminal history. Specifically, McGraw had prior convictions for battery on a police officer in 2003, distribution of cocaine in 2006 (probation and parole revoked), attempted possession of a firearm by a convicted felon (on parole "at time of offense), criminal neglect of family in 2008, and possession or introduction of contraband into a penal institution in 2010 (on parole at time of offense). The court noted that the -instant conviction [awas McGraw’s fourth felony conviction and that the defendant had been selling dope for “as long as I can remember.” Based upon the likelihood that McGraw’s criminal activity would continue, the court sentenced McGraw to seven years’ imprisonment at hard labor, to run consecutively to any other sentence.
McGraw filed a timely motion to reconsider the sentence, arguing only that his sentence was grossly disproportionate to the severity of his crime of selling $10 worth of marijuana. He contended that the minimum sentence of five years at hard labor, to run concurrently with his sentence under the parole violation, would be appropriate. The trial court denied the motion on August 24, 2015. On appeal, McGraw reargues this excessive sentence claim.

Discussion

To Constitute an excessive sentence, a court must find that the penalty is *989 so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. State v. Griffin, 14-1214 (La.10/14/15), 180 So.3d 1262; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. The trial court has wide discretion in the imposition of sentences within the statutory limits. Thus, the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Baker, 49,841 (La. App.2d Cir.5/20/15), 166 So.3d 1152, writ denied, 15-1219 (La.3/4/16), 185 So.3d 745. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Baker, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
| sUpon review of the record before us, we cannot find the imposed sentence to be illegally excessive.[1] While the offense of conviction involved only a small sum of money, McGraw had three prior felony convictions and a history of other criminal activity. In fact, McGraw concedes in brief that he violated parole with the commission of this offense. He had previous probation and parole revocations. In these circumstances, the consecutive imposition of the sentence was appropriate. La. C.Cr.P. art. 883. McGraw’s history demonstrates his failure to benefit from prior leniency in sentencing or be rehabilitated' through previous incarceration. Under the terms of the plea agreement, McGraw benefitted from a considerable reduction in sentence by the state’s agreement to not charge him as a multiple offender. Ultimately, the 7-year sentence was only slightly more than the mandatory 5-year minimum under La. R.S. 40:966(B)(3).[2]
Given the totality of these facts, we cannot find the imposed sentence shocking to the sense of justice or without any reasonable contribution to acceptable penal goals. We find no merit to McGraw’s arguments.

Decree

For the above reasons, McGraw’s conviction and sentence are affirmed.
AFFIRMED.

. Our error patent review reveals that the trial court failed to impose a fine as required by La, R.S. 40:966(B)(3). This court, however, is not required to correct an illegally lenient sentence. State v. Brown, 47,580 (La. App.2d Cir. 1/16/13), 2013 WL 163759; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550.

. La. R.S. 40:966(B)(3) provides, in pertinent part: A substance classified in Schedule I which is marijuana, tetrahydrocannabinols, or chemical derivatives of tetrahydrocannabi-nols, or synthetic cannabinoids shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years.